**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JAMES THOMAS HOGAN,

Petitioner,

v.

LOUIS STENDER,

Respondent.

Civil File No. 01-1124 (ADM/ESS)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court finds that Petitioner's habeas corpus application is barred by the statute of limitations. It will therefore be recommended that the petition be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On May 29, 1998, Petitioner pleaded guilty to second degree criminal sexual conduct. On July 23, 1998, he was sentenced to 86 months in prison. He is currently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

---

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

JUN 27 2001
FILED ______
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Petitioner did not file a direct appeal with the Minnesota Court of Appeals; nor did he pursue any other court action challenging his conviction or sentence, until he filed a post-conviction motion in the trial court in November 1999. That post-conviction motion was denied on November 27, 1999, and Petitioner again failed to appeal. In May of 2000, Petitioner filed a second post-conviction motion, which also was denied. Petitioner then filed his first appeal. The Minnesota Court of Appeals upheld the trial court's denial of the second post-conviction motion, and on April 17, 2001, the Minnesota Supreme Court denied Petitioner's request for further review. Hogan v. State, C1-00-1386 (Minn.App. 2001), 2001 WL 69496 (unpublished opinion).[2]

On June 22, 2001, Petitioner filed his present application for federal habeas corpus relief. He claims that (1) he was deprived of his Fifth Amendment privilege against self-incrimination, (2) he was deprived of his Sixth Amendment right to have effective assistance of legal counsel, (3) the prosecution improperly presented evidence of other criminal conduct, and (4) the trial court improperly sentenced him as a "patterned sex offender." (Petition, pp. (5)-(6), ¶ 12.) None of these claims can be entertained on the merits here, however, because the instant petition is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

---

[2] The dates of Petitioner's conviction and sentence are derived from his "Memorandum In Support Of Petition For Writ Of Habeas Corpus," (Docket No. 2, p. 4), and the dates when he filed his first and second post-conviction motions are derived from the Court of Appeals' decision. Hogan, 2001 WL 69496 at * 1.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In the present case, Petitioner is challenging his conviction, as well as the ensuing sentence imposed on July 23, 1998. Because he did not purse a direct appeal, the judgment in his criminal case became final, for statute of limitation purposes, upon "the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). See also Rule 28.05, subd. 1(1) (providing that a party appealing only a sentence in a criminal case must file a notice of appeal "within 90 days after judgment and sentencing"). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was October 21, 1998, (90 days after he was sentenced), and that is the date when the statute of limitations began to run in this case. The limitation period for seeking federal habeas corpus relief expired one year later on October 21, 1999. Petitioner did not file his current petition, however, until June 22, 2001 -- more than two-and-a-half years after the statute of limitations began to run, and more than one-and-a-half years after the limitations period had expired.

The Court has not overlooked 28 U.S.C. § 2244(d)(2), which tolls the running of the statute of limitations during the time when a "properly filed application for State post-conviction" relief is pending in the state courts. The tolling clause cannot save the instant petition, however, because the statute of limitations had already expired before Petitioner filed his first state post-conviction motion. The statute expired (as discussed above) on October 21, 1999, and Petitioner did not file his first post-conviction motion until sometime in November 1999. Hogan, 2001 WL 69496 at *1. While the filing of Petitioner's post-

[3] Clauses (B), (C) or (D) of subsection 2244(d)(1) are not applicable here, because Petitioner has not shown that the state created any impediment that prevented him from pursuing his legal challenges sooner, nor is there any suggestion that his claims are based on any newly-recognized constitutional right or newly-discovered evidence.

conviction motion may have, in some sense, tolled the statute of limitations, any such tolling was meaningless, because the statute had already expired before the post-conviction motion was filed. See Painter v. State of Iowa, 247 F.3d 1255 (8th Cir. 2001)("by the time [petitioner] filed his state court application [for post-conviction relief]... there was no federal limitations period remaining to toll");[4] see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 121 S.Ct. 481 (2000).[5]

Because it plainly appears that the instant petition is time-barred under 28 U.S.C. § 2244(d), it is recommended that this action be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is further recommended that the petition be dismissed with prejudice.

---

[4] Painter also expressly confirms that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." 247 F.3d at 1255.

[5] It may initially appear that the instant petition was filed just a few days too late, because the limitations period expired on October 21, 1999, and Petitioner's first post-conviction motion was filed, and the statute was thereby tolled, sometime in November 1999. However, it should be noted that the first post-conviction motion tolled the statute only until November 27, 1999, at which time – according to the petition, (Docket No. 1, p. (4), ¶ 11(a)(6)) – the post-conviction motion was denied. After that, the statute of limitations began to run again, and it continued to run until it was tolled again by the filing of the second post-conviction motion in May 2000. The statute of limitations began to run for a third time on April 17, 2001, when the Minnesota Supreme Court denied Petitioner's request for further review of the second post-conviction motion. The statute did not stop running thereafter until Petitioner filed his present habeas petition in June 2001. After adding up all of the time periods during which the statute of limitations was running, it becomes apparent that Petitioner missed the statute of limitations deadline by much more than just a matter of days.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be DENIED; and

2. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DISMISSED WITH PREJUDICE.

Dated: June 27, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.