UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Thomas Hogan,

Petitioner,

v.

Louis Stender,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1124 ADM/ESS

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner James Thomas Hogan's Objections [Doc. No. 7] to the June 27, 2001 Report and Recommendation ("R&R") of United States Magistrate Judge E.S. Swearingen [Doc. No. 4]. The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] be dismissed. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is fully set forth in the R&R and is incorporated by reference.

## III. DISCUSSION

Because this is a dispositive motion, a district court must make an independent, de novo evaluation of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant

FILED AUG 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 14 2001
DEPUTY CLERK

shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases . . . ." Minn. R. Crim. P. 28.02, subd. 4(3). A petitioner seeking federal habeas corpus review for his conviction or sentence must file a Petition no later than one year after the state court judgment becomes final "by the conclusion of direct review." 28 U.S.C. § 2244 (d)(1).

In the present case, Petitioner is challenging his conviction and his sentence imposed on July 23, 1998. Because he did not pursue a direct appeal, the judgment in his criminal case became final for statute of limitation purposes upon "the expiration of the time for seeking such review." *Id.* According to the Minnesota Rules of Criminal Procedure, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was October 21, 1998 (90 days after the July sentencing). Minn. R. Crim. P. 28.02, subd. 4(3). Therefore, Petitioner's ability to seek federal habeas corpus relief from his conviction and sentence expired one year subsequent to that date on October 21, 1999. Petitioner did not file his current petition until June 22, 2001, more than a year and a half after this period expired.

Petitioner offers several reasons why his tardy petition should not be dismissed as time barred. While 28 U.S.C. § 2244(d)(2) tolls the running of the statute of limitations during the time when a "properly filed application for State post-conviction" relief is pending in state court, it cannot save the present petition because the statute of limitations expired before Petitioner filed his first state post-conviction motion. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Petitioner also avers the Court should apply equitable tolling to the statute of limitations because he could not file a timely appeal due to his inability to obtain a transcript of the trial. The doctrine of equitable tolling is only appropriate in limited situations, such as when a prisoner is

prevented from filing a timely petition due to "extraordinary circumstances." *See Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). Because possession of a trial transcript is not a condition precedent to filing for post-conviction relief, failure to obtain one does not constitute extraordinary circumstances requiring tolling. *Gassler v. Bruton*, 255 F.3d 492, 493-94 (8th Cir. 2001).

Petitioner next argues his lack of training in the legal profession rendered him unable to comprehend the post-conviction relief limitation periods. Ignorance of the law is an insufficient basis to invoke the doctrine of equitable tolling. *See Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988) (citing *Larson v. Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979)). Finally, Petitioner contends he had difficulty obtaining assistance from the Minnesota State Public Defenders Office in filing for post-conviction relief. Allegations of unsatisfactory assistance of counsel do not warrant disregarding the expiration of the statute of limitations. The statute of limitations applicable for habeas corpus attack of Petitioner's conviction and sentence expired October 21, 1999. Accordingly, the Petition for a Writ of Habeas Corpus is dismissed.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Swearingen.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The June 27, 2001 Report and Recommendation of United States Magistrate Judge Swearingen [Doc. No. 4] is **ADOPTED IN ITS ENTIRETY**.
2. Petitioner's application for leave to proceed in forma pauperis [Doc. No. 3] is **DENIED**.
3. Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2001



1 01

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.