UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JAMES THOMAS HOGAN,

Petitioner,

v.

LOUIS STENDER,

Respondent.

Civil No. 01-1124 (ADM/ESS)

MEMORANDUM AND ORDER

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1998 state court convictions for first and second degree criminal sexual conduct. The matter was assigned to Magistrate Judge E.S. Swearingen, who recommended that the petition be dismissed because it was not filed within the one-year statute of limitations prescribed at 28 U.S.C. § 2244(d). (Report and Recommendation ["R&R"] dated June 27, 2001; Docket No. 4.) Petitioner filed objections to the R&R, (Docket No. 7), which prompted this Court to conduct a de novo review of the matter. By order dated August 14, 2001, (Docket No. 8), the Court rejected Petitioner's objections, adopted the R&R, and held that the action should be dismissed with prejudice.

On August 24, 2001, Petitioner filed a notice of appeal. (Docket No. 10.) He also filed a "Request For Certificate of Appealability," (Docket No. 11), which is now before the Court.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R.

FILED 9/10/01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is asking for a COA that would allow the Eighth Circuit Court of Appeals to review and reverse this Court's determination that his habeas corpus petition is procedurally barred by the statute of limitations. In Slack v. McDaniel, the Supreme Court explained how the federal district courts should handle COA requests in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

Here, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

Petitioner's COA application, (Docket No. 11), lists three claims that he wants the Court of Appeals to consider: (1) that Petitioner was wrongly denied the opportunity to appear before the trial court to argue his "Motion For Corrected Sentence," (2) that the Minnesota Court of Appeals wrongly denied his appeal from the trial court's ruling on his post-conviction motion, and (3) that the timeliness of his federal habeas petition should be governed by the Minnesota Court of Appeals' decision in Bolstad v. State, 435 N.W.2d 547 (Minn.App. 1989).

The first two claims identified in Petitioner's COA application are wholly unrelated to the timeliness of his federal habeas corpus petition. Those two claims -- whether the trial court

should have allowed Petitioner to appear in court on his motion for corrected sentence, and whether the state Court of Appeals should have overturned the trial court's ruling on Petitioner's post-conviction motion -- have no discernible bearing on the procedural defect (i.e., the untimeliness) that caused his habeas petition to be summarily dismissed.

Petitioner's citation to Bolstad v. State is equally unavailing, because that case does not address the deadline for filing a federal habeas petition. Bolstad addresses only the timeliness of an appeal from a trial court ruling on a state post-conviction motion. Moreover, Bolstad was decided long before the federal statute of limitations, (28 U.S.C. § 2244(d)), was even enacted, so it cannot shed any meaningful light on the correct interpretation and application of that statute.

## CONCLUSION

The Court concludes that Petitioner is not entitled to a COA for any of the three claims listed in his COA application. He has not shown that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Slack, 529 U.S. at 485. More specifically, Petitioner has offered no viable reason to think that any other court – including the Eighth Circuit Court of Appeals – could find that his petition was timely filed. Nor has he identified anything otherwise novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Petitioner's request for a COA must therefore be denied.[1]

---

[1] If Petitioner attempts to prosecute his appeal despite the denial of a COA, he presumably will have to either pay the full $105 filing fee for his appeal, or else seek and obtain leave to proceed in forma pauperis, ("IFP"). At present, there is no IFP application before the Court, so Petitioner's eligibility for IFP status on appeal is not now before the Court and will not be decided here.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's Request For Certificate of Appealability, (Docket No. 11), is DENIED.

Dated: September 10, 2001

ANN D. MONTGOMERY
United States District Court Judge