UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Thomas Hogan,

Petitioner,

v.

Louis Stender,

Respondent.

Civil No. 01-1124 (ADM/ESS)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 14.) Petitioner, a prisoner at the Minnesota Correctional Facility in Moose Lake, Minnesota, is attempting to appeal the Court's denial of his petition for a writ of habeas corpus. (Order dated August 14, 2001, [Docket No. 8].)

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

DEC 1
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Petitioner's IFP application, (Docket No. 14), shows that his only source of income is a prison job that apparently pays only $1 per hour. The IFP application further shows that he currently has no assets. Based on the information reported in Petitioner's IFP application, the Court is satisfied that he is financially eligible for IFP status.

Furthermore, while the Court does not believe that Petitioner has any meritorious grounds for an appeal,[1] the Court is not prepared to say that Plaintiff's appeal is "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Finally, the Court notes that Petitioner tendered a payment of $15.75 with his IFP application. It appears that Petitioner may have made that payment based on a mistaken belief that his IFP application is subject to the initial partial filing fee requirements enacted as part of the Prison Litigation Reform Act, ("PLRA"). See 28 U.S.C. § 1915(b). However, the PLRA does not apply to habeas corpus proceedings, so no partial filing fee is required in this case. Malave v. Hedrick, No. 01-2440 (8th Cir. Nov. 6, 2001), 2001 WL 1355593 (per curiam) ("we now join our sister circuits in holding that the PLRA's filing-fee provisions are inapplicable to habeas corpus actions"). Because Petitioner is being granted IFP status on appeal, and the PLRA does not apply here, the $105 filing fee for his appeal will be waived altogether. The Clerk of Court will therefore be directed to return the $15.75 that Petitioner tendered with his IFP application.

---

[1] The Court has already determined that Petitioner is not entitled to a certificate of appealability, as required by 28 U.S.C. § 2253(c), because he has not "shown that 'jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect.'" (Order dated September 10, 2001, [Docket No. 12].)

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 14), is GRANTED; and

2. The Clerk of Court shall return the payment of $15.75 that Petitioner tendered with his application to proceed in forma pauperis.

Dated: December 13, 2001

Ann D. Montgomery
United States District Court Judge